DAWSON *VS* TURNER.

1. Where the *result* of a decision below, is correct, this Court will not reverse, because the Inferior Court has assigned improper grounds for its determination.

Error to the County Court of Pike.

In this case, Turner, by warrant, before a justice of the peace of Pike County, sued Dawson, on a note of the latter, made payable to one Richmond, for eleven dollars and sixteen cents. The magistrate gave judgment, by off-set, for the defendant; from which he took *certiorari* to the County Court, where judgment was rendered for Turner, for the sum of fourteen dollars and seventy cents.

The entry of judgment was in these words—"This day came the parties, by their attornies, and upon the examination of the testimony, it is considered by the Court, that the plaintiff recover of the defendant the sum of fourteen dollars and seventy cents, with his costs," &c. Then follows a bill of exceptions, stating, that on the trial of this cause, the defendant produced, as a set-off, the following note, viz:

"On the third day of July next, I promise to pay D. M'Neel, or bearer, ten dollars; and further promise to him, ten dollars, at September Court next; and, I further promise to pay him twenty dollars more, when the recovery is made in my favor—for value received, this 28th June, 1830.

[Signed]     "J. R. TURNER."

Endorsed thus—"Received of the within, ten dollars—4th September, 1830.     D. M'NEEL."

The defendant proved, that it was acknowledged by the plaintiff to be his signature. The Court, however rejected the said note, on the ground that it was barred by the statute of limitations, and gave judgment for the plaintiff; and the defendant took a writ of error.

*Peck*, for the plaintiff in error.—
*Goldthwaite*, contra.

SAFFOLD, J.—This trial was had in the County Court of Pike County, on appeal from the judgment of a justice, in a suit instituted before him, in April, 1830, wherein Turner was plaintiff, and in whose favor the judgment was rendered, on a promissory note. To review which, Dawson prosecutes this writ of error.

The question for revision appears from a bill of exceptions, which shows, that on the trial of the appeal, Dawson, then defendant, offered as a set-off, a note, which appears, from the transcript, to have been dated in *June*, 1830, signed by Turner, and promising, on the third day of July, then next, to pay one D. M'Neel, or bearer, ten dollars; also, the like sum, in September following, &c. On this note was indorsed a credit of ten dollars, bearing date the 4th September, 1830. The set-off was rejected by the Court, on the ground, as stated, that it was barred, by the statute of limitations—the sum was so small as to require no issue.

The rejection of this evidence is the cause assigned for error.

From the inconsistencies in the record, the presumption may be indulged, that in the original note, offered as a set-off, the writing was so illegibly or imperfectly executed, as to admit of doubt as to its true date. If it, in fact, bore date, as stated in the transcript of the record, it was inadmissible, as a set-off; but it was so far a cause entirely opposite to that assigned by the Court—instead of its being barred by the statute of limitations, it had no existence, at the time of the institution of the suit. The suit was commenced, in April, 1830, and the note bears date in June following; therefore, no consistency can be ascribed to the record, unless on the supposition, that the note was viewed by the Court, as bearing date six years or more anterior to the institution of the suit. It is not improbable, that the 1830 may have been taken for 1820, and the counsel may have so presented it; or such, in fact, may be the true date.

But, be the hypothesis what it may, the result must be the same: if the true date was 1820, which was more likely to be mistaken for 1830, than any other, the note was barred by the statute of limitations, as ruled by the Court.—If the latter was the true date, (and such we are now bound to consider it,) it was equally inadmissible, because of its non-existence at the commencement of the suit.

The note being inadmissible as evidence, the circumstance of the Court having rested the rejection of it on a wrong ground, furnishes no cause for a reversal of the judgment.

When the result of the decision is correct, the grounds or reasons given for it are generally immate-

rial; and they are so in this case, as it appears the set off was clearly inadmissible, in any view that can be taken of it.

The judgment is affirmed.